# North Pocono School District v. Buscarini

C.P. of Lackawanna County, no. 97 Civ. 2949.

*William J. Rinaldi,* for plaintiff
*Richard Bishop* and *James T. Shoemaker,* for defendant.

MUNLEY, *J.,* March 9, 1998—Before the court for disposition is the defendant's motion for summary judgment. The plaintiff is North Pocono School District, and the defendant is Diane M. Buscarini, individually and as executrix of the estate of John F. Buscarini. Briefs have been submitted and oral argument heard.

The undisputed facts giving rise to the instant motion are as follows: John F. Buscarini, the deceased husband of the defendant, was a superintendent at North Pocono School. In May 1996, Mr. Buscarini entered into an agreement with North Pocono whereby Mr. Buscarini was to take a leave of absence (sabbatical) for health restoration at full pay commencing on July 1, 1996. He was to receive his full salary during the sabbatical.

The parties to the contract further agreed that Mr. Buscarini would retire as of June 30, 1997, and receive as an early retirement incentive 90 percent of his annual salary. Moreover, the school agreed to provide family medical insurance coverage for Mr. Buscarini until he reached the age of 65.

Mr. Buscarini died on December 20, 1996. He was 55 years old, and he had approximately six months remaining on his sabbatical leave. No further payments were made under the agreement after Mr. Buscarini's death. Plaintiff then filed a complaint in Lackawanna County Court of Common Pleas. Plaintiff's suit is an action for declaratory judgment requesting the court

to determine that any and all duties North Pocono owed to Mr. Buscarini ceased upon his death. The defendant filed an answer, new matter and counterclaim, as well as an amended answer, new matter and counterclaim, in which defendant alleges that the plaintiff owes all the payments due under the agreement to the estate of John F. Buscarini pursuant to paragraph 7 of the agreement which provides as follows:

"All of the payments due to [Mr.] Buscarini hereunder will, in the event of his prior death, be payable to his heirs, executors, administrators, successors and assigns or as applicable, to the beneficiary of any insurance policy." Agreement, paragraph 7. The defendant now moves for summary judgment alleging that no questions of fact exist, and the defendant is entitled to judgment as a matter of law. The school maintains that a summary judgment is not appropriate.

The school first argues that the contract is ambiguous, and extrinsic evidence is thus necessary to interpret it. Hence, plaintiff contends that summary judgment is improper. In the alternative, it alleges that the Pennsylvania School Code of 1949 mandates that the payment of salary and benefits while on sabbatical ends upon death of the recipient, and regardless of the terms of the agreement, the payments properly ended upon Mr. Buscarini's death.

The defendant posits that the contract is unambiguous and clearly provides that any payments due at death, including the salary Mr. Buscarini would have received from December 1996 to June 1997, are payable to the heirs of the decedent. After a careful review of the matter, we find that summary judgment should be granted in favor of the defendant.

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure sets forth the law on summary judgment as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to . . . [a] defense which in a jury trial would require the issues to be submitted to a jury."

Moreover, in determining a motion for summary judgment, the record is examined in the light most favorable to the non-moving party, and all doubts are resolved in favor of the non-moving party. *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

The school district alleges that a motion for summary judgment is improper at this point because the contract at issue is ambiguous and the intent of the parties must be determined. Plaintiff argues that since no depositions of those involved have yet been taken, it would be impossible to establish intent. We do not agree that the contract is ambiguous.

With regard to contract ambiguity, the law provides as follows:

"Where the terms of a contract are clearly expressed, interpretation of those terms must be determined from the language itself. . . . Only where the language in a written contract is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties. . . . Whether a contract is ambiguous is a question

of law . . . . A contract will be found ambiguous: '[i]f, and only if, it is reasonably or fairly susceptible to different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning. A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; and *a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction.'* . . . The ambiguity must appear on the face of the agreement and not be created by the parol evidence which is offered." *PennDOT v. Brozzetti,* 684 A.2d 658, 663 (Pa. Commw. 1996). (citations omitted) (footnote omitted)

In the matter sub judice, the language of the contract is not ambiguous. The controverted portion of the agreement reads: "All of the payments due to [Mr.] Buscarini hereunder will, in the event of his prior death, be payable to his heirs, executors, administrators, successors and assigns or as applicable, to the beneficiary of any insurance policy." Agreement, paragraph 7. The language is explicitly clear; the payments due under the agreement were to be paid to the decedent's heirs. No ambiguities exist in the language employed.

Since we are presented with no ambiguities, we must ascertain the merits of the summary judgment motion, and determine what payments were due under the agreement at the time of Mr. Buscarini's death, and therefore, are now payable to his estate. The school district contends that the school is only obligated to pay pursuant to the requirements of the Pennsylvania School Code, 24 P.S. §1-101 et seq. (Purdon's 1997) which prohibits the payment of any benefits after death, except that

the decedent's salary is to be paid for 10 days. The plaintiff disagrees, claiming that even if this were a correct interpretation of the School Code, the agreement alters the duty of the school, requiring payment of the full year's salary and the various benefits. After a careful review of the matter, we find that summary judgment is properly granted for the defendant.

The school relies on 24 P.S. §11-1154 (Purdon's 1997) which provides as follows:

"Payment of salaries in cases of sickness, injury or death, (a) In any school year whenever a professional or temporary professional employee is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employee for each day of absence the full salary to which the employee may be entitled as if said employee were actually engaged in the performance of duty for a period of 10 days. Any such unused leave shall be cumulative from year to year in the school district of current employment or its predecessors without limitation. All or any part of such accumulated unused leave may be taken with full pay in any one or more school years. No employee's salary shall be paid if the accidental injury is incurred while the employee is engaged in remunerative work unrelated to school duties."

We find no merit to the school district's argument that this section of the School Code requires them to pay only 10 days of salary from the date of death since an administrator on sabbatical leave is treated as if he were working full time pursuant to 24 P.S. §11-1170 (Purdon's 1997). From the plain language of the section, we see no prohibition of payment beyond the 10-day period if the parties so agree. Moreover, no authority has been cited, and our research has uncovered none, which would indicate that a school may not make an agreement such as the one at issue. No

reasons exist, therefore, to enjoin enforcement of the contract as it is written.

We find that a ruling to the contrary would be inequitable. The school entered into the agreement with the understanding that they would be paying the money and benefits even though Mr. Buscarini was never going to return to work. By Mr. Buscarini's death, the school has not lost any services or consideration. The situation has remained the same as it was when the agreement was entered into; Mr. Buscarini will no longer return to work. The plaintiff may not now try and escape from paying under the agreement, without citing any law which provides support for its position.

Accordingly, for the above reasons, we find that no question of material fact exists, and the defendant is entitled to judgment as a matter of law. The contract at issue is unambiguous and provides that the remainder of the payments and benefits flowing from the agreement are to be paid to the decedent's heirs.

### ORDER

And now, to wit, March 9, 1998, the defendant's motion for summary judgment is hereby granted.